FILED by \_\_\_\_ D.C.

OCT 3 1 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. -- MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: **14-CV-24094-Cooke/Torres**

VARONA, ENRIQUE J.,
*Plaintiff*,

Vs.

LTA LOGISTICS, INC., a Florida corporation,
LESTER TRIMINO,
ANNETTE VASQUEZ TRIMINO,
*Defendants*,

_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff, Enrique Varona, ("Varona") or ("Plaintiff"), who is a natural person proceeding *pro-se* in this action sues Defendants, LTA LOGISTICS, INC., ("LTA") or ("Defendant") a Florida corporation, LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO (wife of LESTER TRIMINO), all collectively ("LTA") or ("Defendants"), and alleges the following:

## I. NATURE OF THIS ACTION

This is an action under 15 U.S.C. Sections §§ 1 and 2 of The Sherman Antitrust Act to restrain anticompetitive conduct by defendant LTA LOGISTICS, INC., ("LTA"), a cargo surface transportation company operating as a third party broker under license from the U.S. Department of Transportation ("D.O.T"), an agency of the United States and to remedy the effects of its past unlawful conduct.

- 15 U.S.C. §1: Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal...
- 15 U.S.C. §2: Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade

- or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony...
- The legal definition of "restraint of trade" is: A contract that is legal between buyer and seller, employee and employer preventing the seller or employee from having a similar business within the geographical area during a set time period.2. A contract that is illegal by attempting to damage another person's opportunity or ability to carry on in business. Black's Law Dictionary 2nd Edition

## II. STATEMENT OF CLAIM

Plaintiff brings this cause of action under 15 U.S.C. §§ 1 and 2, The Sherman Antitrust Act and will show this court that "(1) that [he] suffered an injury to his business which is his property; and (2) that such injury or loss was by reason of Defendants acts and conduct forbidden in the antitrust laws.

## III. JURISDICTION, VENUE, AND COMMERCE

This Court has jurisdiction over this matter pursuant to Section 4 of the Sherman Antitrust Act, 15 U.S.C § .4, and 28 U.S.C. §§ 1331, 1335, 1337, 1441 and 1603.

This Court has jurisdiction over this matter pursuant to Section 7 of the Clayton Act, 15 U.S.C. § 18.

Venue is proper in this District under Section 12 of the Clayton Act, 15 U.S.C. § 22, and under 28 U.S.C. § 1391, because defendant LTA transacts business and is found within this District.

It is proper for this District Court to take jurisdiction of any civil action authorized by law to be commenced by any person. See Title 28 § 1343(1)(2)(3)(4).

The First issue is "convenience" and the second issue is the "interest of justice" standard under 28 U.S.C.A. § 1406.

## IV. JUDICIAL NOTICE

Plaintiff having firsthand knowledge of the facts stated in this Complaint is bound by rule of law to act on the following authority:

- 18 U.S. Code § 4 - Misprision of felony Current through (Pub. L. 113-163).: Whoever, having knowledge of the

[2]

> actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

Pleadings in this case are being filed by Plaintiff in *Propia Persona* or *Pro-se*, wherein pleadings are to be considered without regard to technicalities. *Pro se* pleadings are not to be held to the same standards of perfection as practicing lawyers. See *HAINES v. KERNER* 92 Sct 594, also see *POWER* 914 F2d 1459 (11th Cir 1990), also see *HUSLEY v. OWENS* 63 F3d 354 (5th Cir 1995). Also see in Re: *HALL v. BELLMON* 935 F.2d 1106 (10th Cir. 1991).

## V.   CO-CONSPIRATORS

In conceiving and carrying out the antitrust violations alleged in this Complaint, LTA has combined with other persons and entities who have performed acts, or made statements in furtherance of the combination and conspiracy to restrain trade.

## VI. BACKGROUND AND FACTS OF THE CASE
### 1- THE PLAINTIFF & LTA

1. LTA is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 14331 S.W. 120 Street, Suite 203 Miami, Florida 33186.
2. Defendant, LESTER TRIMINO is the President and owner of LTA and is the principal actor for LTA, upon information and belief he resides in Miami Dade County, Florida.
3. Defendant, ANNETTE VASQUEZ TRIMINO is the Vice President and owner of LTA and is a principal actor for LTA, upon information and belief she resides in Miami Dade County, Florida.
4. Plaintiff is a natural person residing in Miami Dade-County, Florida.
5. LTA sells and arranges third party broker cargo transportation services throughout the United States and offers carrier placement to shippers across state lines and international borders.

6. LTA is engaged in, and its activities substantially affect, interstate and foreign commerce.
7. On June 9, 2009 Plaintiff a 30 year cargo transportation industry professional was hired by LTA as an independent contractor/sales agent as he had a number of working accounts he had developed over the course of many years in the business and wished to service.
8. The Plaintiff employment with LTA started on June 9, 2009.
9. On November 5, 2009 (5 months into his employment with LTA) Plaintiff was required/forced/intimidated and harassed into entering into an unlawful employment contract titled "non-disclosure/non solicitation agreement" ("contract") with LTA. (See contract as Exhibit, "1").
10. Plaintiff objected to the unlawful contract as it unreasonably restrained trade.
11. Plaintiff was told by LTA's president LESTER TRIMINO that he would be terminated from his employment if he did not enter into the unlawful contract.
12. On March 12, 2010 Plaintiff was terminated from his employment with LTA.

## 2- PLAINTIFF & LANDSTAR LOGISTICS, INC.

The Plaintiff re-alleges Paragraphs 1 through 12 as if fully set forth herein. Substance prevails over form.

13. On March 16, 2010 Plaintiff entered into a representation agreement with LANDSTAR RANGER, INC., d/b/a/ LANDSTAR LOGISTICS, INC., ("Landstar"), the nation's largest trucking company. (See Exhibit "2").
14. Plaintiff was to own and operate a Landstar franchise as an exclusive agent based in Miami, Florida.
15. Plaintiff was to represent the largest trucking company in the United States, on an exclusive basis from Miami Dade County, Florida, which is the third largest export-import hub in the country.
16. Plaintiff was operating his franchise on a daily basis and it was his only source of income.

## 3- LTA UNREASONABLE CONDUCT.

The Plaintiff re-alleges Paragraphs 1 through 16, as if fully set forth herein. Substance prevails over form.

17. On or about June 24, 2010 LTA claims it came across an advertisement posted by the Plaintiff on an industry website which offered carriers a move of several shipper owned trailers ("trailers").
18. The trailers were located in the state of Indiana at the Conagra facility (a major food whole-seller) and were to be delivered to Port Everglades, in Broward County, Florida.
19. The trailers were then to be shipped from Port Everglades to San Jose Costa Rica via King Ocean a South Florida based ocean carrier.
20. The owner and shipper of the trailers were a company called WOMETCO which is a subsidiary of WOMETCO USA a company that operates movie theatres in both countries (U.S. and Costa Rica).
21. In addition, the trailers themselves contained additional cargo as they were loaded with boxes of pop corn kernels, the ones sold at movie theatres which had been purchased from Conagra.
22. On June 24, 2014 the day Plaintiff posted his website ad Plaintiff had been employed by Landstar for 4 months.
23. It was this event (the posting of the trailers) that triggered LTA's owner LESTER TRIMINO retaliation and harassment campaign against Plaintiff and his employer Landstar.
24. It was this event (the posting of the WOMETCO trailers) that LTA's owner LESTER TRIMINO claimed had violated his contract.
25. The freight forwarder who coordinated the move of the trailers for export was a company called UNIVERSE FREIGHT BROKERS, Inc., ("Universe") which is neither the owner of the trailers nor the purchaser of the pop-corn, but is a third party actor that was hired for logistical support and to issue the proper export documents for the move on board the ocean carrier until its final destination in a foreign port.
26. Universe had been a long standing customer of Landstar prior to them having done any business with LTA. It was through the Plaintiff that Universe did any business with LTA.
27. Universe did not quote the move with LTA because these trailers moved via rail and not via truck as they were a one way deal and truckers would not find this load viable.

28. LTA could not service or compete for this move because it is not licensed as an intermodal intermediary (rail broker).
29. Plaintiff secured an Affidavit (Exhibit, "7"), from Mr. Denis Corrales the export manager of Universe which states that their decision to employ Landstar for this move was based on the fact that LTA could not provide this type of service.
30. LTA and its owner LESTER TRIMINO acted unreasonably and unlawfully in conduct that can only be described as an arbitrary, and unreasonable restraint of trade and a gross attempt at monopolizing trade claiming jurisdiction that spans from the state of Indiana to the Central American nation of Costa Rica for services they are not licensed to provide shippers with.

## 4. THE INTIMIDATION & HARRASMENT CAMPAIGN AGAINST PLAINTIFF & LANDSTAR.

The Plaintiff re-alleges Paragraphs 1 through 30, as if fully set forth herein. Substance prevails over form.

31. On or about June 24, 2010 Defendant's learned of Plaintiff being an agent and owning a Landstar franchise.
32. On June 24, 2010 through its conclusion on August 16, 2010 LTA's owner LESTER TRIMINO engaged in an unsolicited intimidation and harassment campaign directed against Plaintiff and his employer Landstar's corporate executives for failing to "honor" his contract.
33. LTA's harassment and intimidation campaign directed at Plaintiff and his employer Landstar, consisted of:
    a) A three month unsolicited email and telephone harassment campaign directed against Landstar's Director of Agent Contract Administration and her staff. (See Exhibit "3").
    b) Sending unsolicited letters via U.S. mail threatening legal action against Landstar for not honoring their unlawful contract, (See Exhibit "4").
34. LTA hired an attorney Mr. James K. Pedley P.A., to send threats of legal action against Landstar and its president and CEO Mr. James Gattoni. (See Exhibit "5").

35. On August 16, 2010 Landstar terminated the Plaintiff franchise crediting the acts of LTA and LESTER TRIMINO in order to stop LTA's abusive, unlawful, and harassment campaign against them. (See Exhibit "6").

## VII. LTA ANTICOMPETITIVE CONDUCT
### 5. LTA UNLAWFUL RESTRAINT OF TRADE.

The Plaintiff re-alleges Paragraphs 1 through 9 as if fully set forth herein. Substance prevails over form.

36. Plaintiff is aware of 25 LTA employees who have been forced to enter into the unlawful contract in order to continue their employment with LTA. (Exhibit, "8-1 through 8-25").

37. These contracts entered as Exhibit "8" are signed by defendants LESTER TRIMINO and his wife ANNETTE VASQUEZ TRIMINO on behalf of Defendant LTA.

38. The employment practice, requirement and enforcement of LTA's employment policy of forcing employees to enter into an unlawful employment contract represents an unreasonable restraint of trade because:

    i. As presently worded and applied Defendant's "contract" has resulted in Plaintiff being unfairly singled out without due process and denied his ability to pursue lawful business opportunities to the detriment of the Plaintiff and his family.

    ii. The vagueness of LTA's "contract" does not provide Plaintiff with adequate notice as to what specific behavior is to be restrained. It fails to state with specificity who is subject to regulation and what are the acts that constitute a violation.

    iii. There is neither statutory or constitutional foundation for LTA's enforcement of their "contract."

    iv. As enforced, restricts commercial free speech a Right protected under the 1st Amendment of the U.S. Constitution. A violation of a constitutionally protected right, (actionable under 18 U.S.C. §242).

    v. LTA's enactment and enforcement of their "contract" which mandates that a previous employee cannot solicit employment from his customers, unreasonably precludes Plaintiff from performing tasks directly associated to his occupation

[7]

      while at the same time depriving Plaintiff of his right to be properly compensated for his labor.

vi. LTA's enactment and enforcement of their "contract" attempts to damage LTA's former employees (in this case the Plaintiff) the opportunity or ability to carry on in business, actionable under 15 U.S.C. §1.

vii. LTA's enactment and enforcement of their "contract" attempts to damage employees (in this case the Plaintiff) rights to enter into employment or business contracts after the end of their employment with LTA, actionable under 42 U.S.C. §1988.

viii. LTA's enactment and enforcement of their "contract" under color of law impermissibly infringes upon the right of Plaintiff to pursue life, liberty and the pursuit of happiness while denying Plaintiff compensation for his labor.

ix. LTA's enactment and enforcement of their "contract" attempts to impose a legal liability under color of law on corporations that would hire former LTA employees and who are not a party to the contract (as in the case with Landstar), actionable under 18 U.S.C. §1951 extortion.

x. LTA's enactment and enforcement of their "contract" requires third parties such as corporations who would hire former LTA employees to enter into unlawful combination in restraint of trade, actionable under 15 U.S.C. §1.

xi. LTA's enactment and enforcement of their "contract" imposes a two year non compensated non-paid employment performance clause, penalized if not adhered to through a liquidated damages liability clause of U.S $15,000 per unknown incident. This unlawful penalty results in compulsory involuntary servitude, actionable under 18 U.S.C. §1584 Peonage as a violation of the 13th Amendment of the U.S. Constitution.

## 6. LTA ATTEMPTS TO MONOPOLIZE TRADE.

The Plaintiff re-alleges Paragraphs 1 through 40, as if fully set forth herein. Substance prevails over form.

39. LTA's exclusionary contracting practices have had the effect of excluding competitors on a basis other than competition on the merits and have thereby allowed LTA illegally to

[8]

perpetuate its attempt at monopolizing the truck brokering market. Actionable under 15 USC § 2.

40. LTA's enactment and enforcement of their "contract" unlawfully claims an exclusive jurisdiction on the entire United States not limited to a specific geographical area actionable under 15 U.S.C. § 2.

41. Through the unlawful acts and practices described above LTA has harmed competition, consumers and innovation in the following manner:

    i. LTA has attempted to unlawfully maintain a monopoly in the truck broker market.

    ii. LTA's exclusionary conduct has significantly impeded the ability of rival brokers to compete in the local truck broker market.

    iii. Plaintiff and others similarly situated find it more difficult to convince carriers to offer and/or promote their services once they become aware of LTA's contract and their intent to enforce it in a court of law.

    iv. LTA raised hurdles to fair competition even higher through unreasonably restrictive non-disclosure agreements.

    v. LTA's exclusionary restrictions deprive rival brokers of a significant number of sales that they might otherwise secure. These lost sales impede the ability of competitors to convince potential customers that they are a viable alternative to the existing transportation services offered by LTA.

    vi. LTA's conduct also substantially impairs the ability required for competitors to hire former LTA employees who are qualified experienced agents who can earn a profit immediately and are better trained to offer the proper logistics support shippers require for their cargo moves. In combination, all of these factors deter competition and thus harm competition.

    vii. The harm to competition caused by LTA's unlawful conduct harms manufacturers, shippers, potential employers, employees, and consumers both within the state of Florida and the rest of the country as well as foreign corporations who transact business in Florida.

    viii. In addition, LTA's unlawful conduct has deterred the development of competition, depriving consumers of a choice of carriers with possibly

  superior features. Similarly, has limited choices of consumers and users of trucking transportation services.

 ix. Those injured by LTA's conduct will continue to suffer such injury unless the relief prayed for herein is granted.

## 7. LTA VIOLATES EMPLOYEES RIGHTS.

The Plaintiff re-alleges Paragraphs 1 through 43, as if fully set forth herein. Substance prevails over form.

42. The employment practices, requirement, and enforcement of LTA's unlawful employment policy of forcing Plaintiff and its other employees to enter into an unlawful employment contract which is an unreasonable restraint of trade was and continues to be an abusive, hostile, and intimidating form of harassment that employees must endure to secure continued employment and avoid retaliation in state court.

43. Plaintiff is a federally protected individual under the Age Discrimination in Employment Act of 1967, (ADEA), as at the time of the events herein described he was over the age of 40.

44. Harassment is a form of employment discrimination that violates Title VII of the Civil Rights Act of 1964. Harassment becomes unlawful under Title VII of the Civil Rights Act of 1964 where:
    - enduring the offensive conduct becomes a condition of continued employment, or
    - the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

45. LTA's policy is clearly intimidating as it threatens the employee with termination from his employment and with retaliatory legal action in state court.

46. Once terminated by LTA the employee is restrained from soliciting employment in the cargo transportation industry as LTA established a precedent that it will sue in state court any employee who is hired by a company within the cargo transportation industry.

47. LTA's policy is clearly hostile as it is an unlawful conduct and as it discriminate against employees just because they work for LTA or seek better paying jobs in the future.

48. LTA's policy is abusive as the employee is denied basic fundamental rights under the law.

## 8. LTA VIOLATES FLORIDA LAW

The Plaintiff re-alleges Paragraphs 1 through 50, as if fully set forth herein. Substance prevails over form.

49. Although this District Court is of limited jurisdiction it is a violation of title 28 USC 1652 not to use state law as rules for decisions in civil cases:

    - Title 28 USC Section 1652: State Laws as rules of decision: The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

50. LTA's policy violates Title 33, Fla. Stat. §542.18 is the Florida antitrust act equivalent to §1 of the Sherman Antitrust Act, 15 U.S.C. §1.

    - §542.18 Restraint of trade or commerce.—Every contract, combination, or conspiracy in restraint of trade or commerce in this state is unlawful.

51. LTA's policy violates the Fla. Deceptive and Unfair Trade Practices Act Fla. 501, Part II.

52. LTA's policy violates the Florida Antitrust Act of 1980 Chapter 542 Florida Statutes, and particularly sections 542.27(1), 542.21(1)(2), and 542.23

53. This Complaint does not bring forth any cause of action for violations of Florida law.

## VIII. CLAIMS

### First Claim for Relief --Violation of The Sherman Act §1.

(Against LTA)

Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 55, above. Substance prevails over form.

The "Contract" LTA requires its employees to enter into, unreasonably restrains trade, affect interstate trade and commerce, in violation of the Sherman Act, 15 U.S.C. §1. As it:

    i. Prevents an employee from having a similar business within the United States.

    ii. Prevents an employee from having a similar business during a set time period.

    iii. Damaged Plaintiff opportunity or ability to carry on in business.

Starting on June 24, 2010 Defendants engaged in acts directed against Plaintiff and his employer Landstar Logistics, Inc., with the purpose of enforcing an unlawful contract, which resulted in Plaintiff not being able to operate a similar business within the United States, for a period of time, and damaged his opportunity to own a Landstar franchise.

These acts by Defendants resulted in Plaintiff loss of his business and employment.

As a direct, natural, and legal consequence of this breach of 15 U.S.C. §1, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff demands judgment and compensatory damages against the Defendants LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO, costs, interest and all other relief this Court deems just and proper.

## Second Claim for Relief -- Sherman Act 2

(Against LTA)

Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 55, above. Substance prevails over form.

By engaging in the acts and practices described above, LTA has attempted to monopolize the cargo transportation market. Such conduct constitutes an attempt at monopolization in violation of the Sherman Act, 15 U.S.C. §2.

These acts by Defendants resulted in Plaintiff loss of his business and employment.

As a direct, natural, and legal consequence of this breach of 15 U.S.C. §2, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff demands judgment and compensatory damages against the Defendants LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE

VASQUEZ TRIMINO, costs, interest and all other relief this Court deems just and proper.

## Third Claim for Relief - Negligence

(Against LESTER TRIMINO & ANNETTE VASQUEZ TRIMINO)

The Plaintiff re-alleges Paragraphs 1 through 15 as if fully set forth herein. Substance prevails over form.

In this case, following the November 5, 2009 requirement by Defendants for Plaintiff to enter into an unlawful contract in restraint of trade, and more specifically starting on June 24, 2010 Defendants, acting directly, engaged in an unsolicited intimidation and harassment campaign directed at Plaintiff and his employer Landstar Logistics, Inc., by attempting to enforce, under threat of color of law an unlawful contract in violation of 15 U.S.C. §§ 1 and 2, The Sherman Antitrust Act.

These acts by Defendants resulted in Plaintiff loss of his business and employment.

15 U.S.C. §§ 1 and 2, Sherman Antitrust Act, forbids Defendants to engage in the conduct they enforced with their actions, against Plaintiff and his employer Landstar Logistics, Inc.

Defendants LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO violated the rule of law by:

   a) launching an unsolicited intimidation and harassment campaign against Plaintiff and his employer Landstar Logistics, Inc.,
   b) did not hire an attorney to request an injunction and to post a bond in Court as is required under Florida Law (§542.335(1)).
   c) but rather, it engaged in the unlawful conduct described in this Complaint.

The breach of this duty is one of a statutory obligation and therefore is negligence per se.

As a direct, natural, and legal consequence of this breach, the Plaintiff has been damaged.

**WHEREFORE,** the Plaintiff demands judgment and compensatory damages against the Defendants LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO, costs, interest and all other relief this Court deems just and proper.

## XI.  PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1. That the Court adjudge and decree that Defendants, LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO has entered into unlawful contracts and combinations in restraint of trade affecting interstate trucking transportation services and commerce in general, in violation of Section 1 of the Sherman Act.

2. That the Court adjudge and decree that Defendants LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO have attempted to monopolized interstate trade and commerce for interstate trucking transportation services in violation of Section 2 of the Sherman Act.

3. That Defendants LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO and all persons, firms and corporations acting on its behalf and under its direction or control be permanently enjoined from engaging in, carrying out, renewing or attempting to engage, carry out or renew, any contracts, agreements, practices, or understandings in violation of the Sherman Act.

4. That plaintiff have such other relief that the Court may consider necessary or appropriate to restore competitive conditions in the markets affected by Defendants LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO unlawful conduct.

5. That the Court enter such additional relief as it may find just and proper.

6. That the plaintiff be compensated for his damages sustained by him as a result of Defendants LTA LOGISTICS, Inc., LESTER TRIMINO, and ANNETTE VASQUEZ TRIMINO unlawful conduct according to Section 15 of the Clayton Act, 15 U.S.C. §§12: as amended, 15 U.S.C. § 25, to obtain equitable relief to prevent and restrain Defendants which states:

- Amount of recovery; prejudgment interest: Except as provided in subsection (b) of this section, any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the

[15]

amount in controversy, and shall recover <u>threefold the damages by him sustained,</u> and the cost of suit, including a reasonable attorney's fee.

### VERIFICATION OF ENRIQUE J. VARONA

I, Enrique J. Varona, swear that I am authorized to make this verification and that the facts alleged in the foregoing Complaint are true and correct based upon my personal knowledge, except as to the matters herein stated to be alleged on information and belief, and that as to those matters I believe them to be true. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

Respectfully Submitted by,

*[signature]*

Enrique Varona, *Pro-se*
14823 S.W. 125 Court
Miami, Florida 33186
Tel: (305) 812-3784