UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-Civ-24094-COOKE/TORRES

ENRIQUE J. VARONA,

    Plaintiff,

vs.

LTA LOGISTICS, INC., *et al.*,

    Defendants.

_____/

### ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS

THIS MATTER is before me on Defendants' Amended Motion to Dismiss with Prejudice (to be Treated as Motion for Summary Judgment) and Memorandum of Law ("Amended Motion") (ECF No. 44). For the reasons below, Defendants' Amended Motion is granted.

### I.  BACKGROUND

*Pro se* Plaintiff Enrique J. Varona ("Plaintiff" or "Varona") filed suit against trucking company LTA Logistics, Inc. and its owners, Lester Trimino and Annette Vasquez Trimino (collectively, "Defendants" or "LTA"), for various Sherman Act and tort violations related to a non-solicitation agreement Varona had with LTA, his former employer. Plaintiff alleges LTA engaged in various unlawful conduct against him and a new employer, another trucking company, which prevented him from doing business. Plaintiff was ultimately terminated from his new employer.

    This is the third lawsuit filed between the parties that relates to the non-solicitation agreement. Defendants first filed suit and won a judgment against Plaintiff in state court. Plaintiff next filed a suit against Defendants, but the state court dismissed the action on *res judicata* grounds. Here, Defendants contend that Plaintiff fails to properly state his Sherman Act claims and that his claims for relief are time-barred. They also argue that *res judicata* blocks any of Plaintiff's remaining claims in this action.

## II.     LEGAL STANDARD

I will treat Defendants' motion to dismiss for failure to state a claim upon which relief can be granted as a motion for summary judgment under Federal Rule of Civil Procedure 56 since it contains "matters outside the pleadings," specifically, state court filings and trial records that substantiate its motion and affirmative defenses. Fed. R. Civ. P. 12(d); *see also Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

"The moving party bears the initial burden to show the district court . . . that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III.    DISCUSSION

Plaintiff's three specific claims for relief—two claims under the Sherman Act and one claim of common law and statutory negligence—are all time-barred. "An antitrust action must be brought within four years after the cause of action accrues." *Amey, Inc. v. Gulf Abstract & Title, Inc.,* 758 F.2d 1486, 1500 (11th Cir. 1985); *see also* 15 U.S.C. § 15b (stating that a private antitrust action is "forever barred unless commenced within four years after the cause of action accrued."). A negligence action must also commence within four years after the cause of action accrues. Fla. Stat. § 95.11(3)(a).

More than four years have passed between when any of Plaintiff's claims last arose and when the present suit was filed. Plaintiff was fired on August 16, 2010—he does not allege further or ongoing misconduct from Defendants thereafter. He filed this lawsuit on

October 31, 2014. Thus, more than four years have passed since Plaintiff's Sherman Act or negligence claims accrued. Plaintiff incorrectly retorts that the statute of limitations for these claims was tolled when Defendants first sued Plaintiff in state court. The state lawsuit was filed against Plaintiff, however, so it would not toll claims that Plaintiff may have brought at that time as counterclaims or in a separate court action.

Plaintiff also cites myriad violations in his Complaint, touching upon common-law torts, federal civil rights and extortion provisions, and Florida trade and antitrust laws. While not specifically stated as claims for relief, all of these claims should have been raised in the initial state action as compulsory counterclaims and are thus barred by the doctrine of *res judicata*. Under Florida law,[1] a compulsory counterclaim "is a defendant's cause of action arising out of the transaction or occurrence that formed the subject matter of the plaintiff's claim. . . . A failure to raise a compulsory counterclaim in the first suit results in a waiver of that claim." *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991) (internal quotation marks and citations omitted); *see also* Fla. R. Civ. P. 1.1.70(a). To determine whether a counterclaim is compulsory, Florida uses the "logical relationship test," which asks whether the counterclaims arise "out of the same aggregate of operative facts as the original claim" either through "serv[ing] as the basis of both claims" or finding that "the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." *Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 20 (Fla. 1992). A compulsory counterclaim not brought in an initial suit, then, would collide with Florida's *res judicata* doctrine, which "prevents parties from bringing suit to resolve issues that were raised, or could have been raised, in a previous action." *Sunbelt Cranes Const. & Hauling, Inc. v. Gulf Coast Erectors, Inc.*, 189 F. Supp. 2d 1341, 1344 (M.D. Fla. 2002).

Here, Plaintiff's remaining claims all pertain to the "same aggregate of operative facts" that serve as the basis of this action as well as Defendants' earlier state lawsuit against Plaintiff. The same non-solicitation agreement at issue here was at issue in state court. The

---

[1] Federal courts apply state law when answering questions about compulsory counterclaims and the *res judicata* doctrine. *See Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985); *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1370 (M.D. Fla. 2014), *aff'd*, 626 F. App'x 935 (11th Cir. 2015).

case also involves the same parties and the same relevant time period. Thus, Plaintiff's leftover claims in this Complaint were compulsory counterclaims that have now been waived. *Res judicata* bars these claims from being raised in this action.

Judicial estoppel will not save Plaintiff's Complaint either. The doctrine prevents a party from asserting a position in a present case that is contradictory to a successful position taken in a previous case. *See Zedner v. United States*, 547 U.S. 489, 504 (2006). But there is no evidence that Defendants have taken inconsistent positions in any of the three lawsuits. Plaintiff cites to a request Defendants made in an earlier state court motion *in limine*, but that comment related to affirmative defenses that Plaintiff had not pled. Thus, applying the doctrine of judicial estoppel is inapposite here.

Because I can dismiss this action on statute of limitations and *res judicata* grounds, I will not address Defendants' remaining arguments for dismissal.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Amended Motion to Dismiss with Prejudice (to be Treated as Motion for Summary Judgment) and Memorandum of Law (ECF No. 44) is **GRANTED**. This case is **DISMISSED** *with prejudice*. All pending motions, if any, are **DENIED** *as moot*. The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in Chambers at Miami, Florida, this 30th day of March 2016.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to*:
Edwin G. Torres, U.S. Magistrate Judge
Counsel of record